[Civ. No. 31225. Fourth Dist., Div. One. Oct. 25, 1984.]

NELSON SUPPLY COMPANY, INC., Plaintiff and Respondent, v. SURETY COMPANY OF THE PACIFIC, Defendant and Appellant.

**COUNSEL**

Jeffrey M. Hausman for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Defendant Surety Company of the Pacific (SCP) appeals a summary judgment ordering payment under a contractor's licensing bond.

I

Walter Renna was a building contractor. Following California licensing requirements, he bought a $2,500 contractor's licensing bond from SCP. One purpose of such a bond is to protect persons damaged by a contractor's wilful and deliberate violation of certain disciplinary sections of the Business and Professions Code (Bus. & Prof. Code, § 7071.5, subd. (b)).

Renna contracted to buy steel vinyl siding from Nelson Supply Company, Inc. Although Nelson delivered siding to Renna, Renna did not pay for all of it. Nelson sued Renna for breach of contract (and other causes of action unrelated to this appeal), and sued SCP, alleging Renna's not paying Nelson for the siding violated Business and Professions Code section 7120 and triggered SCP's liability on the bond. The statute states: "Wilful or deliberate failure by any licensee or agent or officer thereof to pay any moneys, when due for any materials or services rendered in connection with his operations as a contractor, when he has the capacity to pay or when he has received sufficient funds therefor as payment for the particular construction

work, project, or operation for which the services or materials were rendered or purchased constitutes a cause for disciplinary action . . . ." SCP and Renna defended on the grounds Renna's failure to pay was not wilful or deliberate. Focusing on the second half of the statute, they also argued Renna did not violate section 7120 because he never had the capacity to pay Nelson and there was no evidence indicating he had received funds on any particular project sufficient to pay for the materials supplied by Nelson.

Nelson moved for and was granted summary judgment on all issues. When the court denied reconsideration of the summary judgment, SCP appealed. Nelson has not filed a brief. (See Cal. Rules of Court, rule 17(b).)

## II

■ SCP correctly contends the court erred in granting summary judgment on the bond. Because SCP's obligations only arise if Renna violated the statute (*Brown* v. *Surety Co. of Pacific* (1981) 122 Cal.App.3d 614, 619-620 [176 Cal.Rptr. 143]), Nelson must show such violation before being entitled to judgment (see Code Civ. Proc., § 437c). In reversing the trial court's grant of summary judgment, we need not decide whether the evidence presented by Nelson was sufficient to demonstrate a wilful and deliberate failure to pay on the part of Renna. The evidentiary presentation in support of Nelson's motion fails to show either Renna had the capacity to pay Nelson or he received sufficient funds to pay for the siding materials from the contracting projects on which the materials were used. In contrast, Renna's declaration specifically states he lacked the capacity to pay. Because unresolved factual questions still exist, summary judgment against SCP is improper.

The judgment is reversed.

Wiener, J., and Work, J., concurred.